# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60499
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

MARCOS ANTONIO FLORES-LOBO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 592 894

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Flores-Lobo (Flores), a citizen and native of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his applications for asylum and withholding of removal, and ordering him removed to El Salvador. Flores argues that the IJ and BIA erred by denying his asylum application as untimely because his being a minor when he entered the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60499

States and the administrative continuances in his case constituted extraordinary circumstances justifying the untimely filing of his asylum application. He maintains that the IJ and BIA erred by denying his application for withholding of removal because his testimony and the evidence of conditions in El Salvador showed that there is a clear probability that, if he is removed to El Salvador, he will be persecuted by gangs on account of his membership in the particular social group of young men facing forcible gang recruitment.

To the extent that Flores argues that the application of the one-year time limitation to his asylum application was improper as a matter of law because he was a minor, his argument is without merit. The time limitation for filing an asylum application does not apply to an "unaccompanied alien child." 8 U.S.C. § 1158(a)(2)(E). However, to be an "unaccompanied alien child," an alien must be under 18 years old and have "no parent or legal guardian in the United States." 6 U.S.C. § 279(g)(2). Flores turned 18 years old more than a year before he filed his asylum application, and his parents were in the United States. Accordingly, Flores was not statutorily exempted from the time limit for filing an asylum application because he was an unaccompanied alien child. *See* § 279(g)(2); § 1158(a)(2)(E).

The IJ and BIA based their determination that Flores had not demonstrated extraordinary circumstances justifying the untimely filing of his asylum application based upon the facts and circumstances affecting Flores's filing. We do not have jurisdiction to review that determination. *See Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007). This portion of Flores's petition for review is dismissed.

Flores's proposed social group of young Salvadoran men facing forced gang recruitment lacks the particularity and social visibility to constitute a

No. 13-60499

particular social group under immigration law. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012). Flores was not entitled to withholding of removal because he did not show a likelihood of persecution based upon his membership in a particular social group due to his failure to show membership in a particular social group. *See id.* at 522. Accordingly, this portion of Flores's petition for review is denied.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.